IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE′ AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1040-JDT-egb |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION

On February 19, 2014, Plaintiff Terrance′ Akins, who was, at the time, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by, *inter alia*, a motion for a temporary restraining order and preliminary injunction. (ECF Nos. 1 & 5.) The Court issued an order on August 15, 2014, dismissing portions of the complaint and directing that process be issued for Defendants Corrections Corporation of America, Michael Bradshaw, Dr. Melissa Breitling, and Alicia Cox. (ECF No. 9.) The claims remaining include Plaintiff's Eighth Amendment claims for lack of adequate medical care and his claims of neglience, medical negligence, and medical malpractice under Tennessee law.

In his motion for injunctive relief, Plaintiff seeks an order requiring the Defendants to have him evaluated by appropriate outside medical specialists to diagnose and treat his

conditions. However, although Plaintiff has not yet notified the Court of his change of address, the TDOC's online felony offender database shows that he has been released because his sentence expired on September 25, 2014.[1]

"Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F. 3d at 458.

Because Plaintiff is no longer in the custody of the TDOC, his request for injunctive relief is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when he was transferred to another facility); *see also Forbes v. Trigg*, 976

---

[1] *See* https://apps.tn.gov/foil-app/search.jsp.

2

F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); *Thompson v. Smith*, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison).  The Court can afford Plaintiff no effectual injunctive relief, and the only potential relief available to him is money damages.

Plaintiff's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE